

**U.S. Department of Justice**

*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*           *(503) 727-1000*
*Portland, OR  97204-2902*              *Fax: (503) 727-1117*

Scott M. Kerin                                            *Scott.Kerin@usdoj.gov*
Assistant U.S. Attorney                                         *(503) 727-1002*

FILED 11 FEB 28 09:37USDC-ORP

February 11, 2011

Alison Clark
Assistant Federal Public Defender
Federal Public Defender's Office
1001 S.W. Main Street, Suite 1700
Portland, OR 97204

>   Re:   ***United States v. Steven Gallup*, CR 11-50-HA**
>         **Plea Agreement Letter**

Dear Ms. Clark:

In an effort to resolve your client's case the government proposes the following plea offer.

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to waive indictment by the grand jury and plead guilty to one count of Use and Attempted Use of Interstate Facilities to Transmit Information about a Minor, in violation of 18 U.S.C. § 2425.

3.      **Penalties**:  The maximum sentence is up to five years imprisonment, three years of supervised release, a fine of up to $250,000, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.      **Dismissal/No Prosecution**: At the time of sentencing, provided that the defendant remains in compliance with the plea agreement, the USAO will ask the Court to dismiss the indictment in this case.

5.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable

*U.S. v. Gallup,* **CR 11-50-HA**
**Plea Agreement**
**Page 2**

advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.   **Factual Summary**: Defendant agrees that on or about and between March 24, 2008 and May 17, 2008, in the District of Oregon, using a facility and means of interstate commerce, to-wit: the Internet, a cellular telephone and Yahoo! Messenger, he knowingly initiated and attempted to initiate the transmission of a name, address, telephone number, and electronic mail address of another individual, knowing that such other individual had not attained the age of 16 years, with the intent to entice, encourage, offer, and solicit any person to engage in any sexual activity for which any person can be charged with a criminal offense under the laws of the State of Oregon, to-wit: Rape in the Third Degree, in violation of ORS 163.355, and Sexual Abuse in the Third Degree, in violation of ORS 163.415; all in violation of Title 18, United States Code, Section 2425.

7.   **Offense Level**: The parties agree that defendant's base offense level, pursuant to U.S.S.G. § 2G1.3 is **24**. The parties also agree that defendant's conduct involved the use of a computer for a **two-level** enhancement, pursuant to 2G1.3(b)(3). Defendant's conduct may involve a multiple count adjustment under U.S.S.G. § 2G1.3(d). The final offense level will be determined after the preparation of a presentence report and nothing in this agreement is meant to limit the potential applicability of any guideline adjustments.

8.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.   **Sentencing Recommendation**: Pursuant to 18 U.S.C. § 3553(a), the USAO will recommend the **low-end** of the applicable guideline range as determined by the Court, as long as defendant demonstrates an acceptance of responsibility as explained above.

11.   **Abandonment of Seized Items**: Defendant knowingly and voluntarily agrees to abandon any interest he may have in the computers and cellular telephone that was seized in this case.

12.   **Additional Departures, Adjustments, or Variances**:

   A.   The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

*U.S. v. Gallup,* **CR 11-50-HA**
**Plea Agreement**
**Page 3**

      B.    Defendant reserves the right to seek up to a **two-level** downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government opposes such a request.

      C.    Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

13.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

14.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

*U.S. v. Gallup*, CR 11-50-HA
**Plea Agreement**
Page 4


17. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
Assistant United States Attorney

*United States v. Steven Gallup*, CR 11-50-HA
**Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

2/11/11
Date

Steven Gallup
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/11/11
Date

Alison Clark
Attorney for Defendant

Revised 7-21-08